# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CORRY VAN ELSLAND, | |
| Plaintiff, | Civil Action No. 18-cv-10185 (RBK/JS) |
| v. | **OPINION** |
| THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., AIR METHODS CORP., and CHRISTIAN COAKLEY, in his capacity as supervisor of JeffSTAT, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Thomas Jefferson University Hospitals, Inc., Air Methods Corp., and Christian Coakley (collectively "Defendants") to dismiss this case for failure to state a claim. (Doc. 5). The Court does not reach the merits of the claim because there is no subject matter jurisdiction. For the reasons discussed below, the Court **REMANDS** the matter to state court.

## I. PROCEDURAL HISTORY

On April 4, 2018, Corry Van Elsland ("Plaintiff"), a New Jersey citizen, filed a complaint in the Superior Court of New Jersey, Camden County against Defendants. On June 5, 2018, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332 and § 1441. The Notice of Removal states that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Defendant Christian Coakley ("Defendant Coakley"), a New Jersey citizen, was fraudulently joined as a Defendant to the lawsuit to deprive the Defendants of its right to remove this case to

federal court. (Doc. 1 ¶ 12). The Notice of Removal states that Defendants were served with a copy of the Complaint on May 7, 2018. (Doc. 1 ¶ 1). Thus, Defendants assert that removal on the basis of diversity jurisdiction was timely because they removed the case within thirty days of receiving copies of the Summons and Complaint. *See* 28 U.S.C. § 1446(b) (requiring removal within thirty days).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. A district court may remand an action to state court for either a lack of subject matter jurisdiction or a defect in the removal process. 28 U.S.C. § 1447(c); *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.5 (3d Cir. 2003).

"[B]ecause subject-matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). A necessary corollary is that a court can raise *sua sponte* subject matter jurisdiction concerns. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). The federal courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). Congress has authorized federal subject matter jurisdiction in civil suits where the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). The statutory requirement that parties be citizens of different states means that complete diversity must exist; if any two adverse parties are co-citizens, there is no jurisdiction. *See State Farm Fire &*

*Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967); *Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806).

When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a "heavy burden of persuasion" in making this showing. *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988); *see also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Fraudulently named parties are generally those that have been "named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). The Third Circuit has explained:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal citations and quotations omitted). A claim is colorable when it is not "wholly insubstantial and frivolous." *Id.* at 852.

In evaluating the alleged fraud, the district court must "focus on the plaintiffs' complaint at the time the petition for removal was filed. In so ruling the district court must assume as true all factual allegations of the complaint." *Steel Valley*, 809 F.2d at 1010 (citation omitted). The Third Circuit has held that "[t]he plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so 'wholly insubstantial and frivolous' as to fail

to invoke the subject matter jurisdiction of the District Court." *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) (quoting *Batoff*, 977 F.2d at 852).

### III.　DISCUSSION

The Defendants argue that Defendant Coakley was fraudulently joined as a party because Plaintiff failed to plead that he engaged in protected activity, an essential element to a retaliation claim under LAD. (Doc. 1 ¶ 23); *See Victor v. State*, 203 N.J. 383, 409 (2010). Thus, the Defendants contend that Defendant Coakley's New Jersey citizenship should not be considered for diversity purposes because there is no valid claim alleged against Defendant Coakley in Plaintiff's Complaint. (Doc. 1 ¶ 24–25).

The central issue before the Court is whether the Complaint includes only frivolous or "non-colorable claims" against Defendant Coakley. *See In re Briscoe*, 448 F.3d at 219. First, the Court considers the face of the complaint. This action appears to be one involving wrongful discharge and retaliation. Only the state retaliation claim is aimed at Defendant Coakley. During Plaintiff's employment, Defendant Coakley was the Plaintiff's direct manager and supervisor. (Doc. 5). The Complaint also makes specific allegations of Defendant Coakley. First, it states that he retaliated against Plaintiff by "undermining and belittling him and his judgment." (Doc. 1 Ex. A ¶ 59). Second, the Complaint states that Defendant Coakley "made derogatory comments about Plaintiff which negatively reflect upon Plaintiff and his medic partner, Eric Consorte." (*Id.*). Third, the Complaint states that Defendant Coakley retaliated against Plaintiff by "wrongfully accusing Plaintiff of violating the policies and protocols of JeffSTAT." (*Id.* at Ex. A ¶ 86). These facts, on the face of the complaint, not only appear to be non-frivolous, but also they seem to comport with Rule 8's plain and simple pleading standard.

Defendants, however, confuse the test of fraudulent joinder with a 12(b)(6) standard. By arguing that the Plaintiff failed to plead facts which may give rise to a retaliation claim against Defendant Coakley, Defendants are presenting to the Court a merits analysis that is more appropriately reserved for a Rule 12(b)(6) motion. This inquiry is well beyond the scope of review for fraudulent joinder. *See Batoff*, 977 F.2d at 852. On the face of the complaint, Plaintiff's retaliation claim against his own supervisor, Defendant Coakley, is far from "patently frivolous." If anything, the claim is wholly consistent with the general claim of wrongful discharge and retaliation.

Ultimately, Defendants have not carried the heavy burden of establishing that Defendant Coakley was fraudulently joined in this matter. As such, because Defendant Coakley and Plaintiff are both citizens of New Jersey, there is no complete diversity and this Court has no subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** the matter to state court for lack of subject matter jurisdiction.

Dated: ___January 17, 2019___    *s/* Robert B. Kugler
    ROBERT B. KUGLER
    United States District Judge